IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRENDA S., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 18-cv-1902 |
| v. ) | |
| ) | Magistrate Judge |
| NANCY A. BERRYHILL, Acting ) | Susan E. Cox |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Brenda S. ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") to deny her application for supplemental security income benefits. The parties have filed cross-motions for summary judgment. For the following reasons, Plaintiff's motion is granted [dkt. 14],[1] the Commissioner's motion is denied [dkt. 24], and the case is remanded for further proceedings consistent with this opinion.

Plaintiff was injured at work on February 19, 2014, when a pallet struck her in the right knee and ankle and knocked her over, causing "severe pain in the neck, lower back, right knee, and right ankle." (R. 279.) The majority of Plaintiff's relevant medical treatment in the administrative record stems from this incident. Immediately following the accident, Plaintiff primarily treated with Dr. Aleksandr Goldvekht, M.D., and physical therapist Mitchel Bershader. (R. 274-313.) On August 26, 2014, Mr. Bershader performed a functional capacity evaluation ("FCE") of Plaintiff. (R. 274.) He found that Plaintiff could stand, sit, or walk for 30 minutes continuously.[2] (R. 274.) He further found that Plaintiff could lift and carry a maximum of ten

---

[1] Plaintiff filed a Brief in Support of Reversing the Decision of he Commissioner of Social Security, which the Court construes as a motion for summary judgment.
[2] The FCE states that Plaintiff was capable of walking one mile continuously at 2 miles per hour, which equates to 30 minutes of walking.

pounds, and could frequently lift and carry five pounds. (R. 274.) Plaintiff's pushing and pulling capacity was 20 pounds. (R. 274.) Ultimately, Mr. Bershader concluded that Plaintiff could return to light work, with the restriction that she could only lift or carry no more than ten pounds occasionally, five pounds frequently, and two pounds constantly. (R. 276.)

The administrative record also contains opinions from two non-examining State agency physicians. First, on January 22, 2015, Dr. Bharati Jhaveri, M.D., determined that Plaintiff was capable of performing work at the medium exertional level, including occasionally lifting/carrying 50 pounds, frequently lifting/carrying 25 pounds, and standing, walking, or sitting for up to six hours in an eight-hour workday. (R. 99.) On reconsideration, Dr. George Walcott, M.D., found that Plaintiff could work at the light exertional level; Dr. Walcott opined that Plaintiff could occasionally lift/carry 20 pounds, frequently lift/carry ten pounds, and stand, walk, or sit for up to six hours in an eight-hour workday. (R. 111.)

Plaintiff filed her application for supplemental security income benefits on November 5, 2014, alleging a disability onset date of February 19, 2014, the date of her accident. (R. 20.) The claim was denied initially on January 23, 2015, and upon reconsideration on June 17, 2015. (*Id.*) Plaintiff requested a hearing before an ALJ, which was held on October 20, 2016. (*Id.*) On March 23, 2017, ALJ Matthew Johnson issued an opinion finding that Plaintiff was not disabled. (R. 20-28.)

As is required, the ALJ undertook the five-step process for determining whether Plaintiff was disabled. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since November 5, 2014. (R. 22.) At step two, the ALJ found that Plaintiff suffered from severe impairments in the form of degenerative disc disease of the cervical and lumbar spine. (*Id.*) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medical equaled the severity of one of the listed

impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1520, 404.1526). (*Id.*)

Before step four, the ALJ found that, through her date last insured, Plaintiff had the residual functional capacity ("RFC")[3] to perform work light work, with the following restrictions: lifting or carrying 20 pounds occasionally and ten pounds frequently; sitting for six hours; standing for six hours with the ability to alternate to sitting for five minutes after every 45 minutes of standing; walking for six hours with the ability to alternate to sitting for five minutes after every 45 minutes of walking; frequently reaching bilaterally, including overhead; occasionally climbing ramps and stairs; never climbing ladders, ropes, or scaffolds; and occasionally balancing, stooping, kneeling, crouching, or crawling. (R. 23.) At step four, the ALJ concluded that Plaintiff could not perform her past relevant work. (R. 27.) At step five, the ALJ found Plaintiff could perform other work that exists in significant numbers in the national economy. (R. 27.)

In reaching this decision, the ALJ considered the FCE and the opinions of the two State agency physicians. He afforded greater weight to Dr. Walcott's opinion that Plaintiff could perform light work, but did not state what weight (if any) he gave to Dr. Jhaveri's opinion. (R. 26.) The ALJ stated that Dr. Walcott's opinion was given more weight because it was "consistent with the FCE results and the claimant's activities." (R. 26.) As for the FCE, the ALJ gave it only "some weight" because Plaintiff's medical records after the FCE "showed good pain control and an improved lumbar MRI, showing greater capacity than the FCE." (R. 26.)

An ALJ's RFC finding must be "based upon the medical evidence in the record and other evidence, such as testimony by the claimant or [her] friends and family." *Craft v. Astrue*, 539 F.3d 668, 675-76 (7th Cir. 2008). In the written decision, the ALJ must explain "how the evidence, both objective and subjective, supports each conclusion" contained in the RFC assessment. *Zblewski v.*

---

[3] RFC is defined as the most one can do despite one's impairments. 20 C.F.R. §§ 404.1545, 416.945.

3

*Astrue*, 302 F. App'x 488, 492 (7th Cir. 2008). In other words, the ALJ must build an "accurate and logical bridge from the evidence" to the RFC conclusion. *See Young*, 362 F.3d at 1002.

Here, the ALJ did not build an accurate and logical bridge between the medical evidence and his RFC conclusion, because his opinion does not explain how or where he determined that Plaintiff would need a five-minute break after standing or walking for 45 minutes or more. The Court is at a loss to figure out where the ALJ came up with that particular figure, and does not believe there is any support for it in the record. If the ALJ had suggested 30 minutes before breaks, the Court would be able to look to the FCE to figure out how the ALJ came to that number. If he had decided that Plaintiff did not need breaks at all, the State agency reviewing physicians' findings may have supported that figure. There were a number of RFC determinations and limitations that could have potentially been supported by the administrative record and Plaintiff's medical treatment, but 45 minutes of standing/walking does not appear to be one of them. From the Court's review of the record and the ALJ's opinion, the ALJ split the proverbial baby; believing that Mr. Bershader's finding that Plaintiff could only walk, sit, or stand for 30 minutes at a time was too restrictive, but apparently believing that the State agency physicians' finding that she could stand, sit, or walk for six hours was too harsh, the ALJ simply divined a number that he thought was fair. Other than a passing reference to the post-FCE medical record, there is no justification for the ALJ's finding that Plaintiff could perform light work if she were allowed to sit for five minutes after standing or walking for 45 minutes. Such a brief and opaque discussion does not qualify as building an accurate logical bridge, and the ALJ's opinion does not adequately describe how the post-FCE evidence led to his conclusion that Plaintiff could perform work if she could sit after standing or walking for 45 minutes at a time, and how he settled on that number instead of any other arbitrarily selected number. As such, the ALJ's RFC finding is flawed and requires

4

reversal.[4]

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion is granted [dkt. 14], the Commissioner's motion is denied [dkt. 24], and the case is remanded for further proceedings consistent with this opinion.


ENTERED: 4/18/2019

_____
U.S. Magistrate Judge, Susan E. Cox

---

[4] Because the Court remands on the basis articulated above, it does not reach the other issues raised by the Plaintiff on this appeal.